RECEIVED
IN LAKE CHARLES, LA

MAR 23 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:08 CR 00104 |
| VS. | : | JUDGE MINALDI |
| BRENES ESPINOZA-LAZO | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Presently before the court is the defendant's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence [doc. 61]. The Government filed an answer [doc. 65]. The defendant did not file a Reply.

### PROCEDURAL HISTORY

On January 29, 2009, pursuant to a written plea agreement, the defendant, Brenes Espinoza-Lazo, pleaded guilty to aggravated reentry following deportation in violation of 8 U.S.C. §§ 1326(a), 1326(b)(2). (Rec. Doc. 35).

On June 11, 2009, he was sentenced to 57 months imprisonment with credit for time served. (Rec. Doc. 38). The judgment by the United States Court of Appeals for the Fifth Circuit affirming the defendant's sentence and conviction was issued as mandated on November 30, 2010, and was entered into the district court record on December 1, 2010. (Rec. Doc. 60).

The defendant filed this motion to vacate, set aside or correct sentence on December 6, 2010. (Rec. Doc. 61).

FACTS

On February 20, 2008, the vehicle in which the defendant was an occupant was stopped for a traffic violation on I-20 near Lake Charles, Louisiana. The defendant, a citizen of Honduras, had been previously deported from the United States on August 8, 1997, and March 1, 1999. Both of those removals were subsequent to an aggravated felony conviction, burglary of habitation with intent to commit theft. The defendant did not obtain permission from the Attorney General or the Secretary of Homeland Security for admission into the United States. (PSI, paras. 9; Guilty Plea Tr., p.11; Rec. Do. 35-2).

Law and Analysis

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir.1992).

"A 'collateral challenge may not do service for an appeal.' " *United States v. Shaid,* 937 F.2d 228, 231 (5th Cir.1991) (en banc). A defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show "both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *Shaid,* 937 F.2d at 232. The 28 U.S.C. § 2255 cause and actual prejudice standard presents a significantly higher hurdle than the plain error standard of review that is applied on direct appeal. *United States v. Pierce,* 959 F.2d 1297, 1301 (5th Cir.1992). The only exception to the cause and prejudice test is the "extraordinary case ... in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* Espinoza has not asserted actual innocence.

The defendant raises two arguments:

1) His attorney was ineffective at sentencing for failing to pursue the fast-track option; and

2) His attorney was ineffective for failing to argue that defendants with similar backgrounds should not receive disparate sentences.

To establish ineffective assistance of counsel *Strickland v. Washington*, 466 U.S. 668 (1984), requires showing both that counsel's performance was deficient and that such deficient performance prejudiced the defense. *Id.* at 687. Deficient performance is based on an objective standard of reasonableness, considering all the circumstances. *Id.* at 688. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance", and judicial review is highly deferential to counsel's performance. *Id.* at 689.

In the context of a guilty plea, prejudice is present if there is a reasonable probability, that absent counsel's errors, the defendant would not have entered a guilty plea and would have insisted on a trial. *Hill v. Lockhart*, 106 S.Ct. 366 (1985); *Theriot v. Whitley*, 18 F.3d 311, 313 (5th Cir. 1994). Since the defendant pleaded guilty, all non-jurisdictional defects in the proceedings against the defendant are waived. This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991); *Smith v. Estelle*, 711 F.2d 677 (5th Cir. 1983).

Regardless of his attorney's performance, "the conviction should be upheld if the plea was voluntary," for if the plea is voluntary, there is no prejudice. *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994). The burden of proof is on a § 2255 petitioner to prove his allegations. The defendant has

introduced no evidence that this court did not comply with the provisions of Rule 11 of the Federal Rules of Criminal Procedure, requiring that "the court... shall not accept the (guilty) plea without first determining that the plea is made voluntarily with understanding of the nature of the charge." *Munich v. United States*, 337 F.2d 356 (9th Cir. 1964); *Domenica v. United States*, 292 F.2d 483 (1st Cir. 1961). The defendant has not established that his alleged ineffective assistance of counsel resulted in an involuntary guilty plea.

The defendant claims that his attorney was ineffective at sentencing for failing to pursue the fast-track option. The Fifth Circuit held in *United States v. Marmolejos-Agramonte*, 2007 WL 2438244 (5th Cir. Aug. 22, 2007) (unpublished) that a defendant's trial counsel does not provide ineffective assistance by failing to request a four-level departure pursuant to the fast track program under U.S.S.G. § 5K3.1 when the defendant was sentenced in a district without a fast track program. The Western District of Louisiana does not have a fast-track program.

The defendant also argues that his attorney was ineffective for failing to argue that defendants with similar backgrounds should not receive disparate sentences. The defendant does not articulate with whom the disparity exists. Espinoza may be attempting to argue that there is a disparity between those districts that employ "fast track programs" which provide lesser sentences to defendants who agree to quick guilty pleas and uncontested removals and other sentencing districts which have no such programs.

The court held in *United States v. Martinez-Trujillo*, 468 F.3d 1266, 1268-69 (10th Cir.2006) that any disparity that results from fast-track programs is intended by Congress, and it is not "unwarranted" within the meaning of § 3553(a)(6). Any sentencing disparity resulting from fast track disposition programs is not unwarranted as the disparity was also intended by Congress. *See*

*United States v. Gomez-Herrera,* 523 F.3d 554, 562 -563 (5th Cir. 2008).

An attorney cannot be ineffective for failing to raise a meritless claim. *Sones v. Hargett*, 61 F.3d 410, 415 n. 5 (5th Cir. 1995). Accordingly, for the reasons set forth herein above, the defendant's §2255 motion will be denied.

Lake Charles, Louisiana, this 24 day of February, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE